NICOLAS A. JAMPOL (State Bar No. 244867)
  nicolasjampol@dwt.com
CYDNEY SWOFFORD FREEMAN (State Bar No. 315766)
  cydneyfreeman@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendants
FGW PRODUCTIONS LLC and
STEPHANIE FREDERIC

DONNA C. BULLOCK (State Bar No. 109223)
  donna.bullock@ymail.com
800 W. 6th St., Ste. 1250
Los Angeles, CA 90017
Telephone: (562) 726-0778
Fax: (562) 683-0319

Attorney for Plaintiff
MICHAEL DOUGLAS CARLIN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DOUGLAS CARLIN,<br><br>    Plaintiff,<br><br> vs.<br><br>FGW PRODUCTIONS LLC, a Nevada Limited Liability Company; FGW PRODUCTIONS INC., a California corporation; FGW ENTERTAINMENT, INC., a California corporation; STEPHANIE FREDERIC, an individual; SIMONA MANGIANTE PAPDOPOULOS, an individual; DOES 1 to 50, inclusive,<br><br>    Defendants. | Case No. 2:19-cv-04989-DMG-FFM<br><br>**JOINT RULE 26(f) REPORT** |

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, plaintiff Michael Douglas Carlin ("Plaintiff"), defendants FGW Productions LLC and Stephanie Frederic ("FGW Defendants"), and defendant Simona Mangiante Papadopoulos ("Ms. Papadopoulos") submit the following report.

## I.   CASE OVERVIEW

<u>Plaintiff's Carlin's Description of the Case</u>

Plaintiff Michael Douglas Carlin contends that he is an author and a journalist, who sought out and met George and Simona Papadopoulos with the idea of a reality television show based upon the unique issues they have faced by recent events. Plaintiff contends that he did extensive research and prepared a treatment, production content and contributed to scripting used in actual filming of episodes of the show. Plaintiff physically worked on the show, and had direct participation with the production of the show and important events depicted and filmed in the show. The intellectual property comprising this show, and its elements were created by Plaintiff, and shared with Defendants FGW and Frederic only upon said Defendants' promises and assurances that he would be paid his rightful share under his written agreement with Defendant Simona Papadopoulos, and for his work on the show. Defendants FGW and Frederic gave Plaintiff a written agreement they proposed which did not comport with their promises and assurances, for which reason he did not sign it. Plaintiff devoted months in the creation of the show, and weeks of work on the production itself, and seeks only his rights. Defendants FGW and Frederic took over the television show excluding Plaintiff and took over Plaintiff's relationship with George and Simona Papadopoulos. Plaintiff contends that he is the show's creator, and that these parties would never have otherwise met and the show would never have been conceived or produced. Plaintiff now has a copyright registration issued on a registration dated before the filing of the State Court.

1

JOINT RULE 26(f) REPORT
4815-8947-2928v.2 0114064-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Plaintiff originally filed a Complaint in pro per on December 7, 2018, Case Number 2:18-cv-10190-DMG-FFM in this Court before the Honorable Judge Dolly Gee. While in pro per, former defense counsel filed multiple FRCP 12(b)(6) Motions attacking federal court jurisdiction both under the copyright law and diversity jurisdiction, but no fatal defects. On April 29, 2019, in the face of the second such 12(b)(6) Motion attacking federal court subject matter jurisdiction over this case, Plaintiff through his new attorney Donna Bullock notified Judge Gee of his agreement to dismiss the first case and refile in State Court. This current case was filed in Los Angeles Superior Court on May 3, 2019. Defendants FGW and Frederic removed this case back to federal court, originally assigned to Judge Dale and reassigned to Judge Gee when the impropriety was discovered by this Court.

The issue was the Plaintiff believed that he had copyright claims for the direct infringement and unfair competition engaged in by the Defendants FGW and Stephanie Frederic, but those claims were for common law state court copyright protections for unpublished works. Plaintiff now has a copyright has been registered with the US Copyright Office, Registration Number PAu003976542.

<u>Ms. Papadopoulos' Description of the Case</u>

Ms. Papadopoulos contends that she agreed to provide Plaintiff an interview for a project Plaintiff purported to be producing, which he titled "Crossfire Hurricane." Ms. Papadopoulos agreed to that short interview in exchange for Plaintiff's agreement to share equally the proceeds from any distribution of "Crossfire Hurricane" (with costs for the production of the project to be paid for by Plaintiff). Ms. Papadopoulos's husband was not involved in this agreement or Ms. Papadopoulos's interview for "Crossfire Hurricane" in any way. Ms. Papadopoulos contends that Plaintiff's contemplated project is entirely separate from her project with FGW Defendants and that Plaintiff has no ownership of, or rights to, the project she has agreed to do with FGW Defendants.

2

JOINT RULE 26(f) REPORT
4815-8947-2928v.2 0114064-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

FGW Defendants' Description of the Case

FGW Defendants contend that Plaintiff introduced FGW Defendants to George and Simona Papadopoulos after unsuccessfully attempting to create his own project featuring Ms. Papadopoulos. Because of his apparent relationship with George and Simona Papadopoulos, FGW Defendants allowed Plaintiff to attend some filming and assist in some basic tasks relating to FGW Defendants' proposed docuseries project featuring Ms. Papadopoulos and her husband, but Plaintiff is not a co-creator of that project.

FGW Defendants never had any agreement of any kind – written, oral, or implied – with Plaintiff, and instead simply endured him as a favor to Ms. Papadopoulos. In fact, because Plaintiff introduced FGW Defendants to George and Simona Papadopoulos and provided some basic assistance during production, FGW Defendants offered Plaintiff a written contract, which he rejected. FGW Defendants ultimately disinvited Plaintiff from attending filming because of an altercation with a producer, which resulted in an ultimatum from her that FGW Defendants prevent Plaintiff from returning or that they find a new producer. FGW Defendants did not use any treatments, concepts, or ideas from Plaintiff in the creation of the show. This case is his attempt to use his purported agreement with Ms. Papadopoulos to somehow obligate the FGW Defendants to include, pay, and/or credit Plaintiff – even though they never agreed to do so – for a show to which he did not materially contribute.

In terms of the procedural history of the case, Plaintiff filed his initial complaint in this Court on December 7, 2018, and then a first amended complaint on December 12, 2018. *See Carlin v. FGW Productions LLC*, Case No. 2:18-cv-10190-DMG-FFM (Dkt. #1, 7). FGW Productions (the only defendant) filed a motion to dismiss (Dkt. # 8), which Plaintiff failed to oppose and was thus granted (Dkt. # 10). On March 14, 2019, Plaintiff filed a second amended complaint (Dkt. # 11), which FGW Productions again moved to dismiss (Dkt. # 12). Plaintiff again

JOINT RULE 26(f) REPORT
4815-8947-2928v.2 0114064-000001

3

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

failed to oppose the motion, and the motion was again granted (Dkt. # 16). Plaintiff then dismissed his action and re-filed his lawsuit in state court without expressly asserting copyright claims, but predicating several state-law claims on alleged copyright infringement. Accordingly, FGW Defendants removed the case to federal court.

Plaintiff has requested FGW Defendants' consent to allow him to amend the complaint to re-assert his copyright claims. FGW Defendants does not object to Plaintiff amending his complaint, but will file another motion to dismiss those (and other) claims.

## II. INFORMATION PURSUANT TO FRCP 26(f)

**A.  Initial Disclosures** [FRCP 26(f)(3)(A)]

The parties agree to exchange Rule 26(a) initial disclosures within 14 days of the scheduling conference in this matter.

**B.  Areas of Discovery** [FRCP 26(f)(3)(B)]

<u>Plaintiff</u> anticipates seeking discovery regarding the financing, proposed distribution and release of the show, and all matters relating to the production of the show. Plaintiff will seek discovery into the areas of production expenses. Any and all communications including but not limited to emails, texts, written and electronic methods of communicating concerning the show, whether relating to creation, production, filming, financing, distribution, sales, release to the public, credits, copyright, any network interest and the activities on the show during and after Plaintiff was on the set. Plaintiff will also seek copies of all contracts related in any way to the production of the show, and all contracting parties involved. Plaintiff alleges he is entitled to a full disclosure of all negotiations, communications, agreements, contracts or any matters whatsoever relating to the percentages and compensation paid and/or promised to the talent, the principals and the production staff of this show, specifically the percentage interest of the respective Defendants in this case in the future revenues for the show. Plaintiff will seek to discover the

4

JOINT RULE 26(f) REPORT
4815-8947-2928v.2 0114064-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

business structure for the production, financing and distribution for the show. Plaintiff will seek to discover the participation of every proposed and actual investor in the show. Plaintiff will request all contracts and information relating to the upcoming release of the show. This will be done by Plaintiff propounding written interrogatories, requests for production of documents, and then extensive review and compilation of the information, in order to effectively conduct the depositions planned of Stephanie Frederic and any other principal identified in discovery, George and Simona Papadopoulos, Chris Nassif and certain crew members involved in the exclusion of Plaintiff from the on set filming and production.

FGW Defendants anticipate seeking discovery regarding any material Plaintiff created and/or provided to any person or company about a television series featuring George and Simona Papadopoulos, and may seek related third-party discovery. FGW Defendants will also seek discovery regarding other projects Plaintiff may have pitched, and any income Plaintiff has made from selling any of his projects or ideas. FGW Defendants will request all communications Plaintiff has between himself and any other person or company, including Ms. Papadopoulos and/or her husband related to any television series about the couple. FGW Defendants anticipate deposing Plaintiff and may depose additional witnesses depending on information received through discovery. These anticipated topics and deponents are not complete at this time, and FGW Defendants expressly reserve the right to add or modify anticipated deponents and topics identified above.

Ms. Papadopoulos anticipates seeking discovery regarding the same topics as above, in addition to information about the interview she gave to Plaintiff and Plaintiff's contemplated project tentatively entitled "Crossfire Hurricane."

At this time, the parties do not ask the Court to limit discovery to particular issues, but reserve the right to do so at a later date.

5

JOINT RULE 26(f) REPORT
4815-8947-2928v.2 0114064-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**C.     Discovery Plan** [FRCP 26(f)(3)(B); the Order]

The parties propose the dates set forth in Exhibit A.

**D.     Method of Production/Preservation** [FRCP 26(f)(3)(C)]

The parties agree that discoverable electronically stored information be produced in the form(s) in which the information is ordinarily and customarily maintained in the usual course of business, subject to any exceptions mutually agreed upon by the parties.

Electronically stored information (ESI) may be produced on CD-ROM or via an electronic service, such as dropbox.com or an FTP. The parties further agree that they will undertake a good faith effort to identify relevant electronically stored information and will preserve any such information identified.

**E.     Privileged Matters** [FRCP 26(f)(3)(D)]

The parties agree that the inadvertent production of privileged information does not waive or otherwise compromise any applicable privilege or preclude the party from asserting privilege claims after production. The party recalling an inadvertent production shall request in writing the return or destruction of such information. Upon receipt of the written request, the recipient party shall comply with the producing party's request to cease review of the inadvertent production and return or destroy the inadvertent production, regardless of whether the recipient party intends to file a motion to compel production of the recalled production, in whole or in part.

**F.     Orders Pursuant to Rules 16(b), 16(c), or 26(c)** [FRCP 26(f)(3)(F)]

To the extent that sensitive, confidential, or proprietary business information and/or trade secrets are discoverable in this matter, such material will be produced subject to the terms of a proposed protective order that will be submitted by the parties in this action.

In particular, Plaintiff contends that has created a 100+ page treatment describing his idea for a reality television series featuring George and Simona

6

JOINT RULE 26(f) REPORT
4815-8947-2928v.2 0114064-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Papadopoulos, and does not want to place it in the possession of Defendants. Accordingly, Plaintiff will seek a stipulated protective order if this evidence must be disclosed to Defendants.

## III. INFORMATION PURSUANT TO L.R. 26-1, FRCP 16(c), AND THE ORDER

**A.     No Complex Case** [L.R. 26-1(a)]

The parties agree that the Manual for Complex Litigation is not needed for this matter.

**B.     Anticipated Motions** [L.R. 26-1(b); the Order]

The parties anticipate filing in the motions described below accordance with the proposed schedule attached as **Exhibit A**.

<u>Plaintiff</u> expects to submit an Amended Complaint or to file a Motion for Leave to file an Amended Complaint, as the current complaint was for the state court action, and the copyright registration is now complete.  Plaintiff expects to move for Summary Judgment against the entities used by Defendant Frederic for production expenses for the television show, which are suspended, but which Plaintiff alleges are owners and shells through which business activities are conducted or concealed, and which Plaintiff alleges affected his claimed rights to the show.  Plaintiff anticipates that if Defendants attempt to release the show for publication without his participation, he will seek injunctive relief, and proposes that Defendants stipulate to such relief to avoid unnecessary injunction proceedings for copyright infringement and other relief to be sought.  Plaintiff reserves the right to file any other motion.

<u>FGW Defendants</u> anticipate moving for judgment on the pleadings as to Plaintiff's two fraud claims and any copyright claims Plaintiff adds in an amended

7

JOINT RULE 26(f) REPORT
4815-8947-2928v.2 0114064-000001

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

complaint.[1] FGW Defendants also intend to file an anti-SLAPP motion under California Code of Civil Procedure § 425.16 against Plaintiff's state-law interference with existing contract and economic relations claim, and Plaintiff's unfair competition claim to the extent it is based on the interference claim or allegations rooted in copyright law. Following discovery, FGW Defendants will move for summary judgment on any remaining claims against them. FGW Defendants may move to bifurcate discovery and/or trial into separate liability and damages phases. FGW Defendants will not agree or stipulate to any injunctive or other relief.

<u>Ms. Papadopoulos</u> reserves the right to file any motion.

**C.     Settlement/ADR** [L.R. 26-1(c); FRCP 16(c)(2)(I); the Order]

The parties have yet not discussed settlement. The parties agree to ADR Procedure No. 2 under Local Rule 16-15.4, private mediation with a mediator from the Court's mediation panel.

**D.     Pre-Trial Deadlines and Trial Length** [L.R. 26-1(d); the Order]

The parties disagree about a trial date. Plaintiff proposes February 16, 2021 as the first day or trial and January 19, 2021 as the final pretrial conference. FGW Defendants propose August 4, 2020 as the first day or trial and July 7, 2020 as the final pretrial conference. The parties anticipate the trial lasting approximately ten court days.

**E.     Amended Pleadings/Additional Parties** [L.R. 26-1(e); FRCP 16(c)(2)(B); the Order]

Plaintiff intends to amend his complaint to add claims under the Copyright Act. FGW Defendants do not oppose the amendment.

---

[1] If Plaintiff amends his complaint, FGW Defendants may move to dismiss Plaintiff's two fraud claims and any copyright claims he adds, rather than move for judgment on the pleadings.

8

JOINT RULE 26(f) REPORT
4815-8947-2928v.2 0114064-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  Defendants do not anticipate adding additional parties to the matter. Ms.
2 Papadopoulos may file a counterclaim against Plaintiff.
3  FGW Defendants have requested that Plaintiff remove irrelevant corporations
4 FGW Productions, Inc. and FGW Entertainment, Inc. from the matter.

**F.  Expert Witnesses** [L.R. 26-1(f)]

The parties propose making FRCP 26(a)(2) expert disclosures as proposed in **Exhibit A**.

**G.  Jury Trial** [the Order]

The parties do not request a jury trial.

**H.  Service**

The parties agree to serve all documents by email and to accept the service of all documents by email to the parties' attorneys of record or directly to parties representing themselves. All parties will provide to the other parties a valid email address for email service.

DATED: August 16, 2019

DAVIS WRIGHT TREMAINE LLP
NICOLAS A. JAMPOL
CYDNEY SWOFFORD FREEMAN

By:   /s/ Nicolas A. Jampol
        Nicolas A. Jampol

Attorneys for Defendants
FGW PRODUCTIONS LLC and
STEPHANIE FREDERIC

DATED: August 16, 2019

By:   /s/ Simona Mangiante Papadopoulos
        Simona Mangiante Papadopoulos

Defendant, *pro se*

DATED: August 16, 2019

LAW OFFICES OF DONNA BULLOCK
DONNA BULLOCK

By:   /s/ Donna Bullock
        Donna Bullock

Attorneys for Plaintiff
MICHAEL DOUGLAS CARLIN

9

JOINT RULE 26(f) REPORT
4815-8947-2928v.2 0114064-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## FILER'S ATTESTATION

Pursuant to Central District of California Local Rule 5-4.3.4(a)(2)(i), I hereby certify that the content of this document is acceptable to Plaintiff's counsel and Ms. Papadopoulos, and I have obtained their authorization to affix their electronic signatures to this document.

DATED: August 16, 2019

DAVIS WRIGHT TREMAINE LLP
NICOLAS A. JAMPOL
CYDNEY SWOFFORD FREEMAN

By: ___/s/ Nicolas A. Jampol___
　　　　Nicolas A. Jampol

Attorneys for Defendants
FGW PRODUCTIONS LLC and
STEPHANIE FREDERIC

10

JOINT RULE 26(f) REPORT
4815-8947-2928v.2 0114064-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# SCHEDULE OF PRETRIAL & TRIAL DATES WORKSHEET

Case No. 2:19-cv-04989-DMG-FFM    Case Name: *Carlin v. FGW Productions LLC et al.*

| MATTER | JOINT REQUESTED DATE or PLNTF/DEFT REQUESTED DATE | TIME |
|---|---|---|
| **TRIAL** [x] Court [ ] Jury<br><br>Duration Estimate: 10 court days | PLNTF: March 8, 2021<br>DEFT: August 4, 2020 | 8:30 a.m. |
| **FINAL PRETRIAL CONFERENCE ("FPTC")**<br><br>4 wks before trial | PLNTF: January 19, 2021<br>DEFT: July 7, 2020 | 2:00 p.m. |

| MATTER | TIME COMPUTATION | JOINT REQUESTED DATE or PLNTF/DEFT REQUESTED DATE |
|---|---|---|
| Amended Pleadings and Addition of Parties Cut-Off (includes hearing of motions to amend) | 90 days after scheduling conf | November 14, 2019 |
| Non-Expert Discovery Cut-Off (includes hearing of discovery motions) | at least 14 wks before FPTC | PLNTF: September 15, 2020<br>DEFT: March 17, 2020 |
| Motion Cut-Off (filing deadline) | at least 13 wks before FPTC | PLNTF: October 6, 2020<br>DEFT: April 7, 2020 |
| Initial Expert Disclosure & Report Deadline | at least 9 wks before FPTC | PLNTF: October 20, 2020<br>DEFT: April 21, 2020 |
| Rebuttal Expert Disclosure & Report Deadline | at least 5 wks before FPTC | PLNTF: November 23, 2020<br>DEFT: May 19, 2020 |
| Expert Discovery Cut-Off (includes hearing of discovery motions) | at least 3 wks before FPTC | PLNTF: December 1, 2020<br>DEFT: June 2, 2020 |
| Settlement Conference Completion Date | at least 4 wks before FPTC | PLNTF: December 8, 2020<br>DEFT: June 9, 2020 |
| Motions in Limine Filing Deadline | at least 3 wks before FPTC | PLNTF: December 15, 2020<br>DEFT: June 16, 2020 |
| Opposition to Motion in Limine Filing Deadline | at least 2 wks before FPTC | PLNTF: December 22, 2020<br>DEFT: June 23, 2020 |
| Other Dates: (e.g., class cert motion cut-off, early mediation, etc.) | at least 90 days after complaint served (unless longer time justified) | N/A |

**EXHIBIT A**

11

JOINT RULE 26(f) REPORT
4815-8947-2928v.2 0114064-000001

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, 865 South Figueroa Street, Suite 2400, Los Angeles, California 90017-2566.

On August 16, 2019, I served the foregoing document(s) described as:

**JOINT RULE 26(f) REPORT**

on the interested parties in this action as stated below:

 Simona Mangiante Papdopoulos Pro Se Defendant
 2412 North Beachwood Drive
 Apt. 112
 Los Angeles, CA  90068

☒ (BY ELECTRONIC MAIL) I caused such document to be transmitted via electronic mail to the email address of Pro Se Defendant Simona Mangiante Papdopoulos.

☒ (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth above. I placed each such envelope for collection and mailing following ordinary business practices. I am readily familiar with this Firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on August 16, 2019, at Los Angeles, California.

☒ Federal I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am a member of the bar of this Court.

| Nicolas A. Jampol | /s/ Nicolas A. Jampol |
|---|---|
| Print Name | Signature |

12

JOINT RULE 26(f) REPORT
4815-8947-2928v.2 0114064-000001

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899